IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL JOSEPH GOODSON, III, )
    Petitioner, )
)
    v. ) 2:10-cv-1484
)
COMM. OF PENNSYLVANIA, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Daniel Joseph Goodson, III for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Daniel Joseph Goodson III an inmate at the State Correctional Institution at Frackville has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Goodson is presently serving a twenty-eight to eighty-four month sentence imposed following his conviction, upon a plea of guilty, to charges of forgery, theft by deception and bad checks at No. CP-02-946-2005, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on June 30, 2005.[1]

An appeal was taken to the Superior Court in which the questions presented were:

> I. Whether the trial court erred in accepting Mr. Goodson's plea of guilty since it failed to determine whether Mr. Goodson understood the terms of the plea agreement and failed to advise him that it could impose consecutive sentences on each separate counts (sic.) contained in criminal information No. 2005-00946 and failed to apprise him that it was not bound by the terms of the plea agreement entered into by the Commonwealth and his attorney thereby rending his guilty plea involuntary and unknowing.

---

[1] See: Petition at ¶¶ 1-6.

1

II. Whether the Trial Court erred in imposing consecutive sentences on counts one
and two of criminal information No. 200500946 because this sentence
contravened the terms and conditions of the plea bargain between the
Commonwealth and Mr. Goodson which provided for concurrent sentences?

III. Whether the Trial Court erred in imposing an award of $6,594.65 restitution
on Mr. Goodson without the Commonwealth having introduced sufficient
evidence at the sentencing hearing which would justify such an award?[2]

On March 9, 2007, the Superior Court filed a Memorandum concluding that the petitioner's guilty plea was voluntarily, knowingly and intelligently entered; that the record clearly demonstrated that the petitioner was aware that he could receive consecutive sentences and that the sentence, as imposed, was in conformity with the plea agreement and written and oral colloquies. However, the Court also concluded that while the issue of restitution rests with the sound discretion of the trial court, there was no demonstration made which would support the amount of that restitution and for this reason resentencing on the amount of the restitution was appropriate.[3] Leave to appeal to the Pennsylvania Supreme Court was sought by the petitioner, and denied by the Court on September 28, 2007.[4]

In conformity with the mandate of the Superior Court, on November 12, 2008, the petitioner was resentenced to essentially the same period of incarceration with the amount of restitution reduced to $1,581.67.[5] A timely pro se notice of appeal was filed and a supporting brief in which the issues presented were:

I. Did the trial court abuse its discretion when it clearly lied on record whereby,
when it denied stating (see June 30, 3005 T.T.) "Mr. Goodson its time you see the
inside of a state institution…" prior to rending sentence thereby displaying ill
will, partiality, bias and prejudice towards appellant?

II. Did the trial court err in ordering $1,581.67 restitution against the weight of the
evidence?

III. Did the trial court err and abuse its discretion when it imposed restitution after
it established a deadline on June 30, 2005 on record, which was not met by the
prosecution?

IV. Did the trial court err in its construction of a state and the county consecutive
sentence?

---

[2] See: Page 64 to the answer of the Commonwealth.
[3] Id. at pp. 133-140.
[4] Id. at p. 191.
[5] Id. at pp. 192-193.

V. Did the trial court's cumulative errors result in prejudice [to] the appellant?[6]

On November 20, 2009, the judgment of sentence was affirmed.[7] Leave to appeal to the Pennsylvania Supreme Court was not sought.

A timely post-conviction petition was filed. Counsel filed a no-merit letter and was permitted to withdraw. On April 26, 2010, the post-conviction petition was dismissed as meritless or containing time barred claims, and the petitioner's request for the appointment of a second attorney was also denied.[8] A pro se notice of appeal was filed and on November 18, 2010, the Superior Court dismissed the appeal for failure to file a brief.[9]

The background to this prosecution is set forth in the transcript of the June 30, 2005 plea hearing at which time the prosecutor represented:

> If the Commonwealth would have proceeded, we would have shown through testimony, Forward Township Police Officer Fine and civilian witnesses Richard Pasquale, and Debbie Restitar … from the Eckerd Credit Union, they would testify substantially as follows: On July 2nd, 2004, defendant went into Gaspar Motors, requested the purchase of a 1998 Oldsmobile, Bravada SUV, presented a check made out to Gaspar Motors and himself, purportedly issued on the bank account of Eckerd Credit Union, Check No. 131689. That amount was $6,594.65. That check was then deposited into the bank account of Gaspar Motors. The Gaspar Motors then was informed by its bank that the – that would be the Irwin Bank – that the check in question was a fraudulent check, namely a counterfeit check, and that the check was not going to be honored. Mr. Pasquale's account then was debited the appropriate amount.
>
> The further investigation showed that the defendant had previously been employed up until June of 2004 at the Eckerd Credit Union. His employment was terminated. At the time of his employment termination the defendant was given a check drawn on the Eckerd Credit Union account, for whatever, either his severance pay or monies that were owed to him by way of payment. That check evidently then formed the basis of copies that were then made by the defendant for, at least in this instance this automobile. The automobile eventually – about a month-and-a-half later the automobile was evidently found, and the – I'm not sure whether or not it was found in any damaged condition or not.

---

[6] Id. at p. 225.
[7] Id. at pp. 276-282.
[8] Id. at pp. 309-310
[9] Id. at pp. 325-326. The petitioner had originally unsuccessfully sought to have the matter remanded to the trial court with the right of the petitioner to include in his appellate brief any and all issues he desired to raise, and Goodson ultimately failed to file his brief leading to the dismissal of his appeal.

That, in essence, Your Honor would be the Commonwealth's case (June 30, 2005 TT pp.11-13).

The instant petition was timely executed on November 2, 2010, and in it, Goodson contends he is entitled to relief on the following grounds:

1. Trial court erred in imposing a state and a county sentence consecutively two terms of imprisonment to run consecutive in one case. Thus, causing an illegal sentence under Pennsylvania and Federal Rules and Laws.

2. Ineffective assistance of counsel and layered ineffective assistance of counsel in violation of petitioner's due process.

3. Under the totality of the circumstances [imposition] of restitution was a violation as deadline was not met and thus should have been stricken.

4. Superior Court erred when it determined that petitioner is to serve both state and county sentence in a state setting.[10]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

---

[10] See: Petition at ¶ 12.

4

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

The petitioner's first and third issues, i.e., that the trial court erred in directing that the state and county sentences run consecutively and the lack of substantiation for the restitution imposed, were raised in petitioner's second direct appeal as issues II and IV.

However, upon review of the petitioner's brief to the Superior Court, he cites no state or federal bases upon which these claims are raised.[11] In order to have exhausted the available state court remedies, the burden is on the petitioner to demonstrate that he fairly put the state courts on notice that he was raising a federal claim <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)("if state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In <u>Coleman v. Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has defaulted the available state court remedies on these issues and no further consideration of these issues is warranted here.

Goodson's second issue concerns the alleged ineffectiveness of counsel. In his petition here, it would appear that the petitioner is alleging that the trial court erred in appointing trial counsel to represent the petitioner on appeal when the petitioner was seeking to raise the issue of the ineffective assistance of trial counsel. This issue, as either a claim of ineffective assistance of counsel or trial court error was never raised in the state courts and for this reason is barred here. <u>Coleman</u>, <u>supra.</u>

Goodson's final issue is that the Superior Court erred in determining that he should serve his state and county sentences in a state institution. This issue was likewise never raised in the state courts and the only suggestion of such an argument was his contention that the state and county sentences should not have been imposed concurrently.

Thus, there is no basis for considering the issues which the petitioner raises here, and his petition should be dismissed.

Although not raised, it merits comment that a habeas attack on a guilty plea can only be raised in the context of the plea not being knowingly and voluntarily entered. <u>Bradshaw v.</u>

---

[11] See: Answer at pp. 230-231.

Stumpf, 545 U.S. 175 (2005). For this reason, we have also examined the circumstances surrounding the entry of the guilty plea.

Prior to pleading, the petitioner completed a "Guilty Plea Explanation of Defendant's Rights" form acknowledging his rights and waiving them; admitting his guilt; acknowledging his awareness of the maximum sentence which could be imposed; that any sentence imposed could be either concurrent or consecutive; that his plea was voluntarily entered; that no promises had been made to him other than the terms of any plea agreement; that he recognized that any plea bargain would be set forth on the court record and he would be bound by those terms; that any plea bargain was not binding on the court and that a plea bargain had been entered into with the prosecution.[12]

Goodson then appeared in open court on June 30, 2005 and acknowledged that he understood that "whatever sentence you would get on this case would be made concurrent with the sentence which you were found guilty by a jury previously on another case and that is also set for sentencing today" (TT. p.4, 16-17); that he understood the charges and possible penalties (TT. pp. 9-11); that he understood his rights and was voluntarily waiving them (TT. p. 13); that he was pleading guilty because he was in fact guilty as charged (TT. p.14); that no threats or promises had been made to induce his plea (TT. p. 14); that he understood the questions contained in the Guilty Plea Explanation of Rights form (TT. p. 15) and that he was satisfied with his representation (TT. p. 18). The Court then proceeded to sentence the petitioner to a term of incarceration of sixteen to sixty months with a consecutive sentence of twelve to twenty four months on the pending charges with this sentence to be served concurrently with another sentence which was imposed on other charges (TT. pp. 46-47).[13]

Thus, the record clearly demonstrates that the petitioner knowingly and voluntarily entered his plea with the advice of counsel in a manner fully consistent with federal law as determined by the Supreme Court, and for this additional reason he is not entitled to relief here.

Accordingly, because the petitioner has defaulted on his state court remedies he is not entitled to relief here. Additionally, even if he had exhausted those remedies his challenge

---

[12] Id. at pp. 28-37.
[13] We observe that the sentence imposed on this information contained three counts; that the petitioner was sentenced to consecutive sentences on two of the three counts, and that pursuant to the plea agreement this sentence was ordered to be served concurrently with the sentence imposed on other charges. That is, the concurrent sentence terms of the plea agreement were observed.

7

here is subject to dismissal in that his plea was knowingly and voluntarily entered in accordance with applicable federal law. For these reasons, it is recommended that the petition of Daniel Joseph Goodson, III for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for relief exists, that a certificate of appealability be denied.

Within the time specified in the Notice of Electronic Filing, any party may serve and filed written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge